OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Jones.
[Cite as Disciplinary Counsel v. Jones (1993),      Ohio St. 3d      .]
Attorneys at law -- Misconduct -- Permanent disbarment --
    Conviction for failure to report monetary transactions and
    structuring transactions to evade reporting requirements.
    (No. 92-2538 - - Submitted February 2, 1993 - -
    Decided April 7, 1993.)
    On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-08.

Respondent, Ralph Jones, Attorney Registration No. 0029158, last known business address in Cleveland, Ohio, was arrested in an Internal Revenue Service "sting" operation after laundering over $50,000 in alleged drug proceeds. On August 23, 1990, respondent pled guilty to violating Section 5324(1), Title 31, U.S. Code, "failure to report monetary transactions and structuring transactions to evade reporting requirements," a class C felony. The United States District Court for the Northern District of Ohio, Eastern Division, sentenced respondent to fifteen months, incarceration followed by a two year supervised release period and fined him $1,000. On October 10, 1991, respondent was indefinitely suspended from the practice of law by this court pursuant to former Gov. Bar R. V(9)(a)(iii) (now Gov. Bar R. V[5][A][3]).

On February 19, 1992, relator, Office of Disciplinary Counsel, filed a complaint against respondent, alleging violations of DR 1-102(A)(3) (illegal conduct involving moral turpitude) and 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation). In his answer, respondent admitted most of the allegations contained in the complaint and admitted violating DR 1-102(A)(4). He denied violating DR 1-102(A)(3).

These charges were heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court on July 30, 1992. Respondent testified that his actions were motivated by financial hardship and that the money he received went towards his law firm's office expenses. Respondent readily conceded, however, that his economic situation did not

excuse his behavior, and expressed great remorse.

In addition to numerous letters attesting to respondent's good character, respondent also had Robert Finch testify on his behalf. Finch, respondent's current employer and lifelong friend, felt that respondent's conduct was uncharacteristic and that it was motivated by his need to pay his secretaries. He stated that his high opinion of respondent's honesty was unchanged by the incident in question. At the conclusion of testimony, respondent urged a two-year suspension from the practice of law with no credit given for time served. Relator urged an indefinite suspension with no credit given for time served.

The panel found respondent guilty of violating both DR 1-102(A)(3) and (4). The panel stressed respondent's "active" participation in the laundering scheme. It was also troubled by respondent's belief that his conduct did not involve moral turpitude. The panel recommended that respondent be indefinitely suspended from the practice of law with no credit given for time served.

The board adopted the findings and recommendation of the panel, and also recommended that the cost of the proceeding be charged to respondent.

J. Warren Bettis, Disciplinary Counsel, and Harald F. Craig III, Assistant Disciplinary Counsel, for relator.

Koblentz & Koblentz and Richard S. Koblentz, for respondent.

Per Curiam. Upon review of the evidence, we hereby adopt the findings of the board. We decline, however, to adopt the board's recommended sanction, finding that respondent's misconduct warrants a more severe penalty. Accordingly, respondent is hereby permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.